**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**KARL AHLERS,**

                    **Plaintiff,**                              **9:12-cv-501**
                                                                **(GLS/ATB)**

          **v.**

**RICHARD KASKIW,**

                    **Defendant.**

_____

## <u>SUMMARY ORDER</u>

Plaintiff *pro se* Karl Ahlers commenced this action against defendant

Dr. Richard Kaskiw,[1] pursuant to 42 U.S.C. § 1983, alleging violations of

his Fourteenth Amendment due process rights.  (*See generally* Am.

Compl., Dkt. No. 6.)  Specifically, Ahlers, who is a civilly committed sex

offender, confined at the Central New York Psychiatric Center (CNYPC),

and in the custody of the New York State Office of Mental Health (OMH),

alleged that, between July 2011 and September 2012, Kaskiw denied him

an adequate diet and appropriate medical care.  (*Id.*)  In a Report-

Recommendation (R&R) issued on July 9, 2014, Magistrate Judge Andrew

T. Baxter recommended that Kaskiw's motion for summary judgment be

---

[1] Ahlers originally named several additional defendants, all of whom have since been dismissed.  (Dkt. No. 8.)

granted and Ahlers' amended complaint be dismissed in its entirety. (Dkt. No. 21.) For the reasons that follow, the R&R is adopted in its entirety.

Before entering final judgment, this court reviews report and recommendation orders in cases it has referred to a magistrate judge. If a party properly objects to a specific element of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*. *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484GLS, 2006 WL 149049, at *3, *5 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, only vague or general objections are made, or a party resubmits the same papers and arguments already considered by the magistrate judge, this court reviews the findings and recommendations of the magistrate judge for clear error. *See id.* at *4-5.

Here, neither party has filed objections to the R&R, and the court, therefore, has reviewed it for clear error. *See id.* While the thoughtful and well-reasoned R&R is free of clear error and is adopted in its entirety, the court takes this opportunity to comment on the proper legal framework for analyzing constitutional medical care claims filed by civilly committed sex offenders, which, as Judge Baxter noted, is an area of uncertainty in this

2

District and Circuit. (Dkt. No. 21 at 6-12.) The confusion arises over whether the courts should apply the same deliberate indifference standard that is employed when such claims are raised by convicted prisoners and pretrial detainees, or whether a more plaintiff-friendly reasonable-professional-judgment standard is warranted. (*Id.*)

For substantially the same reasons as articulated in the R&R, this court agrees with the majority of our sister courts, and concludes that the appropriate standard for constitutional medical claims asserted by civilly committed sex offenders is the same deliberate indifference standard that applies to convicted prisoners and pretrial detainees. (*See id.* at 8 (collecting cases).) To the extent that this court has hinted otherwise, and inadvertently contributed to the confusion, *see Treat v. Cent. N.Y. Psychiatric Ctr.*, No. 9:12-cv-602, 2013 WL 6169746, at *2 n.4, *3 (N.D.N.Y. Nov. 20, 2013) (noting the different standards, and indicating that individuals who have been involuntarily committed may be entitled to more considerate treatment and conditions of confinement than prison inmates, but not squarely or definitively deciding the appropriate standard), the court now clarifies which standard it finds appropriate.

Accordingly, having found no clear error in the R&R, the court adopts

3

it in its entirety.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Andrew T. Baxter's July 9, 2014

Report-Recommendation (Dkt. No. 21) is **ADOPTED** in its entirety; and it is

further

**ORDERED** that Kaskiw's motion for summary judgment (Dkt. No. 17)

is **GRANTED**; and it is further

**ORDERED** that Ahlers' amended complaint (Dkt. No. 6) is

**DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to

the parties.

**IT IS SO ORDERED.**

August 21, 2014
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court

4